UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VICTORIA THOMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 4:24-CV-1210-ACL |
| | ) |
| UNITED STATES POSTAL SERVICE, *et al.*, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss. (Doc. 14.) On March 31, 2025, Defendants moved to dismiss this action for insufficient service of process and lack of subject-matter jurisdiction. Defendants argue that Plaintiff served the United States Attorney's Office for the Eastern District of Missouri and the United States Postal Service ("USPS"), but has not served the Attorney General. They argue that Plaintiff has, therefore, not properly served Defendant United States of America. Defendants further argue that the Court should dismiss the USPS with prejudice from this case, because the Federal Tort Claim Act ("FTCA") does not authorize suits against the USPS.

In an Order dated June 3, 2025, the Court noted that Plaintiff had not responded to Defendants' Motion to Dismiss, and directed Plaintiff to show cause no later than June 10, 2025, why the Complaint should not be dismissed. (Doc. 17.)

On June 10, 2025, Plaintiff, through counsel, filed a Response to the Court's Show Cause Order. (Doc. 18.) Plaintiff states that her failure to file a response to Defendants' Motion was

due to "unforeseen hospitalizations, surgery and other medical treatment required" of counsel beginning in late March 2025. *Id.* at 2. Plaintiff states that the Motion to Dismiss was overlooked by counsel, and counsel was not aware of the filing until the Court's June 3, 2025 Show Cause Order. Plaintiff argues that her Complaint should not be dismissed as to the United States of America, as service was nearly complete. Specifically, Plaintiff states that she served the summons and Complaint on the United States Attorney on January 30, 2025, and attempted to send copies of the documents via registered or certified mail to the Attorney General of the United States in February 2025, but the service address was incorrect. Plaintiff states that she recently discovered the proper address for service and forwarded the documents via certified mail to the Attorney General in Washington, D.C. She has attached the cover letter as an exhibit. (Doc. 18-1.) Plaintiff argues that she has shown good cause for her failure to complete service and requests that the Court issue a new summons as an extra precaution to ensure service is valid.

With regard to Defendants' second point, Plaintiff concedes that the USPS should be dismissed for lack of jurisdiction. The Court will therefore grant Defendants' Motion to Dismiss Defendant USPS.

On June 13, 2025, Defendants filed a Response to Plaintiff's Response to the Court's Show Cause Order. (Doc. 19.) Defendants point out that the Court previously extended Plaintiff's deadline to serve Defendants to March 14, 2025. Defendants contend that Plaintiff does not offer an explanation as to why she failed to meet this deadline. Defendants argue that Plaintiff has therefore failed to demonstrate good cause for her lack of timely service and her Complaint should be dismissed as to Defendant United States on this basis.

To serve the United States in accordance with Rule 4(i)(1), the plaintiff must serve process on both the Attorney General of the United States and the United States Attorney for the district where the action is brought.  Fed. R. Civ. P. 4(i)(1).  The plaintiff may do so by sending each a copy of the summons and complaint by registered or certified mail.  Fed. R. Civ. P. 4(i)(1)(A).

Although a defect in service may result in the dismissal of the improperly served person, a court has broad remedial power to correct the service, especially where justice demands and prejudice would not result to the improperly served parties.  *Haley v. Simmons,* 529 F.2d 78, 79 (8th Cir.1976).

Here, it is clear from the record that Defendant United States of America had actual notice of Plaintiff's lawsuit from the outset.  Though service may not have been in technical compliance with Rule 4, the United States has not shown that it has been in any way prejudiced by the manner of service.  Under the circumstances, the court finds justice would not be served by dismissing the action against the United States for insufficiency of service.  The remedy for technical noncompliance would be to properly effect service, but that would be a meaningless exercise in view of the fact that the United States has actual notice and the United States Attorneys Office has entered its appearance on its behalf.  *See* 1 James Wm. Moore et al., Moore's Federal Practice, § 4.03[1] (3d ed. 2023) ("[W]hen there has been a good faith attempt at service and a defendant has actual notice, there is authority for the proposition that the court may interpret the technical requirements of Rule 4 liberally so as to uphold the court's exercise of jurisdiction over the defendant with actual knowledge.").  Thus, the Court will deny Defendants' Motion to Dismiss United States of America for insufficient service of process.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. 14) is **granted in part and denied in part**.  The Motion is **granted** in that Plaintiff's Complaint is <u>**dismissed as to Defendant United States Postal Service**</u>.  Defendant's Motion to Dismiss is <u>**denied as to Defendant United States of America**</u>.

                                    /s/ *Abbie Crites-Leoni*
                                    ABBIE CRITES-LEONI
                                    UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of July, 2025.